McMONIES, Respondent, v. GEIMAN, et al, Appellants.

(219 N. W. 262.)

(File No. 5459.  Opinion filed May 4, 1928.)

*Chamberlain & Hall, A. W. Wilmarth,* and *McCoy & McCoy,* all of Huron, for Appellants.

BROWN, J. This case arises out of the same cattle sale on November 21, 1919, that was involved in Housman v. Geiman, 51 S. D. 214, 213 N. W. 19. In the present case it appears that in 1917 some cattle in defendants' herd were found to be tubercular; that they were disposed of for slaughter, and their premises cleaned up, and cattle barn sprayed with disinfectant, and in a test made about six weeks prior to the sale on November 21, 1919, no indication of tuberculosis was found in their herd. Animals classed as tubercular on the test are said to "react," and are called "reactors." At the sale plaintiff purchased a cow and a calf for $630, and placed them among his own cattle. Two of his cattle tested for tuberculosis on March 12 and 13, 1920, did not react. No further test was made until October 5, 1920, at which time, for the purpose of having his herd listed as an accredited herd, he had them tested, and 19, including the cow and calf bought by plaintiff at the sale, reacted. Thereafter he commenced this action claiming

that at the sale all animals sold were warranted free from disease, that the cow and calf he purchased were tubercular at and prior to the sale, and had communicated the disease to his herd. He recovered judgment for $8,500, from which judgment and an order denying a new trial defendants appeal.

The cow purchased from defendants was slaughtered after the test in October, 1920. Experts testified that, while it was impossible from any post mortem examination of the carcass to tell how long an animal had been tubercular, there were certain indications from which it could be judged whether the disease was recently contracted or had existed for some length of time, and one of them estimated that the cow purchased from defendants had had the disease for about two years prior to its being slaughtered. Tuberculosis in cattle was quite prevalent throughout that part of the country during the period covered by the evidence given in this case. Testimony of experts was to the effect that tuberculosis is quite as prevalent in hogs as in cattle.

█ The trial court, over proper objections, admitted evidence that reactors were found in the herds of a number of different persons who had purchased animals at defendants' sale, among whom was Roy Housman, plaintiff in Housman v. Geiman, supra, Herman Lau who is designated as L. in the opinion in that case, and also admitted testimony of Chris Gorenson, who was not a purchaser at defendants' sale, but who, in the spring of 1920, purchased a bull from one who had bought it at defendants' sale, and that at some time afterwards (whether months or years does not appear) this bull was tested and reacted.

This class of evidence was held to be ground for reversal in Housman v. Geiman, and some of the evidence given in the instant case was even more remote and conjectural than anything offered in the Housman Case.

█ Plaintiff, over proper objection, testified that the damage resulting to him as a dealer in pure-bred cattle by reason of tuberculosis getting into his herd was at least $10,000. It is impossible to tell what plaintiff may have had in mind as making up this gross amount. He did not show that he had lost any sales, but said that in one instance he offered a young bull for sale which was probably worth $150, and a man bid $50, and, on being asked why he did not bid more, spoke about the cattle having had tuber-

culosis. This bull had not been tested. This is the only instance given by plaintiff as a basis for his testimony that he had been damaged $10,000 as a dealer in pure-bred cattle.

We think that this testimony as to the gross amount of his damage was too remote and speculative, and too much in the nature of a conclusion based on insufficient premises to be admissible, and that the court erred in overruling the objection to this question. The judgment and order appealed from are reversed.

POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.

BURCH, P. J., not sitting.